IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ,** | : | **Civil No. 1:16-cv-2303** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREL HARRY, et al.,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate
judge in which he recommends that the motions to dismiss filed by the remaining
defendants in this action be granted in part and denied in part. For the reasons set
forth below, the court will adopt the report and recommendation.

I.    **Discussion**

On November 14, 2016, Plaintiff Rosa-Diaz ("Plaintiff") filed a 37-page,
208-paragraph complaint alleging federal civil rights and state law claims against
twenty defendants. Upon initial screening, the magistrate judge recommended that
the complaint be dismissed but that Plaintiff be granted leave to file an amended
complaint. This court adopted that recommendation and on January 27, 2017,
Rosa-Diaz filed an amended complaint. Upon screening the amended complaint,
the magistrate judge recommended that the supervisory liability and certain Eighth
Amendment claims be dismissed but that the remaining defendants should be

served with the surviving claims. (Doc. 17.) This court adopted the recommendation. (Docs. 22 & 23.)

On June 29, 2017, a motion to dismiss was filed on behalf of the remaining Department of Correction ("DOC") defendants: corrections officers Alianiello, Dempsey, Johnson, McBeth, Rost, and Walsh; correction counselor Arnold; registered nurse psychologist Iachini; unit manager Digby; and business manager Gimble. (Doc. 40.) On July 6, 2017, a motion to dismiss was filed by the remaining defendant, psychiatric certified registered nurse practioner ("PCRNP") A. Woods. (Doc. 43.)

In his report and recommendation, the magistrate judge recommends that the motion to dismiss be granted in part and denied in part. Specifically, he recommends that the motion to dismiss filed by A. Woods be granted in its entirety; that the motion to dismiss as to Defendants Arnold, Digby, Iachini, Johnson, McBeth, Walsh, Gimble, and Alianiello be granted; and that the due process claim concerning the confiscation of the publication "Curious Moments Archive of the Century" be allowed to continue against Dempsy and Rost.

On February 7, 2018, Plaintiff filed objections to the report and recommendation (Doc. 60), and on February 21, 2018, Defendants filed a brief in opposition to Plaintiff's objections (Doc. 61).

## II.    **Discussion**

In his objections to the report and recommendation, Plaintiff requests that the court not dismiss the due process claim against Alianiello, Harry, Woodside, and More. However, Harry, Woodside and More were previously dismissed. (Doc. 23.) In addition, Plaintiff states that he is no longer seeking to pursue his claims against Johnson, McBeth, Walsh, Arnold, Iachini, Digby, Gimble and Woods. (Doc. 60, p. 2.) Thus, the only viable objection Plaintiff has to the report and recommendation regards his claim against Alianiello's involvement in the confiscation of the aforementioned publication.

The DOC's response to Plaintiff's objections raises two arguments: (1) the objections to the report and recommendation are not supported by a separate brief as required by Middle District Local Rule 72.2; and (2) the due process claim failed to state a cause of action. The court will address the merits of Plaintiff's argument rather than procedurally default his objection.

As the magistrate judge and the DOC have stated, "the unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "The Third Circuit Court of Appeals has held that the DOC's grievance procedure provides an adequate

post-deprivation remedy, *see e.g. Tillman v. Lebanon County Corr. Fac.*, 121 F.3d 410, 422 (3d Cir. 2000), and that the existence of this post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process." *Rambert v. Beard*, 2012 WL 760619, *13 (M.D. Pa. March 7, 2012).

Plaintiff claims in his amended complaint that he availed himself of the administrative process but that Dempsey and Rost threw away his grievances until his grievance deadline had passed, thereby stripping him of this remedy. No such allegation is attributed to Alianiello.

While Plaintiff also argues that another DOC institution permitted him to have certain publications which were later confiscated by SCI-Camp Hill, there is no indication that he raised this issue in a grievance.

Based on the foregoing, the report and recommendation will be adopted.


     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge


Dated: March 1, 2018